**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ISAAC AVENDANO and ROLAND DUENAS,  )   3:13-cv-00168-HDM-VPC
                 Plaintiffs,   )
                         )   ORDER
vs.   )
SECURITY CONSULTANTS GROUP, INC., )
et al.,   )
                 Defendants.   )
_____ )

    Before the court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) (#17), filed by defendants Security Consultants Group, Inc. ("SCG"), Paragon Systems, Inc. ("Paragon"), and Securitas Security Services USA, Inc. ("Securitas"). The plaintiffs have opposed (#18), and the defendants have replied (#23).

    The plaintiffs, who were employees of SCG (Compl. ¶¶ 12-13), assert in their complaint eleven different claims for relief against defendants SCG, Paragon, and Securitas. These include

1

1  multiple Title VII claims, a claim under § 1981, claims under NRS
2  §§ 613.330 and 613.340, a breach of contract claim under NLRA §
3  301, and a claim of "tortious interference with prospective
4  business relationship / economic advantage." (*See* Compl. ¶¶ 112-
5  197, 204-212.)  Plaintiffs also assert one claim for relief under
6  NLRA § 301 against defendants United Government Security Officers
7  of America, International Union ("UGSOA International") and United
8  Government Security Officers of America, Local 283 ("UGSOA Local
9  238").  (See Compl. ¶¶ 198-203.)  Defendants UGSOA International
10 and UGSOA Local 238 are not parties to the motion (#17) presently
11 before the court.

**Standard**

13    In considering a motion to dismiss under Rule 12(b)(6), the
14 court must accept as true all material allegations in the complaint
15 as well as all reasonable inferences that may be drawn from such
16 allegations.  *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1150 n.2 (9th Cir.
17 2000).  The allegations of the complaint also must be construed in
18 the light most favorable to the nonmoving party.  *Shwarz v. United*
19 *States*, 234 F.3d 428, 435 (9th Cir. 2000).

20    "Under the notice pleading standard of the Federal Rules,
21 plaintiffs are only required to give a 'short and plain statement'
22 of their claims in the complaint."  *Paulsen v. CNF, Inc.*, 559 F.3d
23 1061, 1071 (9th Cir. 2009) (quoting *Diaz v. Int'l Longshore &*
24 *Warehouse Union, Local 13,* 474 F.3d 1202, 1205 (9th Cir. 2007)).
25 While this rule "does not require 'detailed factual allegations,' .
26 . . it demands more than an unadorned, the-defendant-unlawfully-
27 harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
28 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

2

A pleading is insufficient if it offers only labels and conclusions, a formulaic recitation of the elements of a cause of action, or "naked assertions devoid of further factual enhancement." *Id.* (internal punctuation omitted).  Thus, a complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id.*  The plausibility standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Where a complaint "is so vague or ambiguous that [a] party cannot reasonably prepare a response," the court may order the plaintiff to file a more definite statement.  Fed. R. Civ. P. 12(e); *see also Bautista v. Los Angeles County*, 216 F.3d 837, 843 n.1 (9th Cir. 2000).

**Analysis**

Defendants SCG, Paragon, and Securitas jointly move to dismiss all claims against Paragon and Securitas, or in the alternative, for a more definite statement against those defendants.  The defendants state that at the time of the plaintiffs' alleged injuries, the plaintiffs were employed by SCG, not by Paragon or Securitas.  (D. Mot. 6.)  They argue that Paragon and Securitas are "affiliated corporate entities with no independent allegations against them," and as such should be dismissed.  (D. Mot. 7.)

With regard to defendant Paragon, the plaintiffs allege that "in or about April 2011 Paragon acquired SCG and assumed the responsibilities and duties of SCG under its applicable collective bargaining agreements . . . " and that "Paragon was involved in, oversaw, ratified or otherwise authorized the actions of SCG as set forth therein." (Compl. ¶ 8.)  They also allege that "Paragon's

3

legal counsel represented SCG's interests in matters related to issues arising on or after July 24, 2012 in regards to SCG's compliance with Arbitrator Charles Askin's Award issued in FMCS Case No. 11-53396-A."  (*Id.*)

With regard to defendant Securitas, the plaintiffs allege that "in or about 2010 Securitas acquired Paragon and thereafter in or about April 2011 funded Paragon's acquisition of SCG for $22,000,000" and that "Securitas was involved in, oversaw, ratified, or otherwise authorized the actions of SCG and Paragon set forth therein." (Compl. ¶ 9.)  They also claim that "Securitas' in house counsel represented SCG's interests at EEOC proceedings regarding the Plaintiffs held in Reno, NV on or about December 4, 2012."  (*Id.*)

The defendants are correct that there are no other independent allegations made against either Paragon or Securitas.  The plaintiffs at times make allegations against "SCG/Paragon" without explaining what relationship they intend to convey by referring to the two parties in this manner. (*See, e.g.*, Compl. ¶¶ 35, 65, 74, 125.)  At other times, the plaintiffs make allegations against "Company Defendants," referring collectively to SCG, Paragon, and Securitas.  (*See* Compl. ¶ 9; *see, e.g.*, Compl. ¶¶ 115 ("While Plaintiffs were employed by Company Defendants . . . ), 116-122, 127-131.)

"It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries." *U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998) (internal citations omitted). Additionally, while not all of the plaintiffs' claims are Title VII

4

claims, "in the absence of special circumstances," such as an "indication that the parent-subsidiary relationship is a 'sham,'" or that the parent corporation "participated in or influenced the employment policies" of the subsidiary, "a parent corporation is not liable for Title VII violations of its wholly owned subsidiary." *Watson v. Gulf & W. Industries*, 650 F.2d 990, 993 (9th Cir. 1981).

As discussed above, while it is true that the plaintiffs need only give a "short and plain statement" (*Paulsen*, 559 F.3d at 1071) of their claims in their complaint and are not required to provide "detailed factual allegations" (*Iqbal*, 556 U.S. at 678), the complaint "must still contain sufficient factual matter . . . to state a claim for relief that is plausible on its face" (*id.*).  In the case at hand, the plaintiffs have made the extremely limited and vague allegations that Paragon and Securitas were "involved in, oversaw, ratified or otherwise authorized the actions of SCG set forth therein," (Compl. ¶¶ 8-9) and that Paragon's and Securitas' in house counsels at certain times represented SCG (*id.*).  While making various allegations against "SCG/Paragon" and "Company Defendants," the plaintiffs have provided no further specificity as to Paragon's and Securitas' individual involvement in the events described in the complaint or their individual relationships with SCG, information necessary to demonstrate how Paragon and Securitas might be held liable for the plaintiffs' claims.  (*See generally* Compl.)

The court must accept the plaintiffs' material allegations as true *(LSO*, 205 F.3d at 1150 n.2) and construe them in the light most favorable to the plaintiffs (*Shwarz v. United States*, 234 F.3d

5

at 435). However, even when doing so, the court finds that the plaintiffs' allegations against Paragon and Securitas are "so vague or ambiguous that [Paragon and Securitas] cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). *See also Bautista*, 216 F.3d at 843 n.1.

Accordingly, the defendants' motion for a more definite statement (#17) is **GRANTED**. On or before February 14, 2014, the plaintiffs shall file an amended complaint that clearly identifies the alleged conduct engaged in by defendants Paragon and Securitas that forms the basis for their liability under the plaintiffs' claims. Failure to do so will result in the court's dismissal of defendants Paragon and Securitas from this lawsuit.

In light of this order, the defendants' motion to dismiss defendants Paragon and Securitas from this lawsuit is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATED: This 27th day of January, 2014.

_____
UNITED STATES DISTRICT JUDGE