**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ISAAC AVENDANO, *et al.*, | ) |
| | ) 3:13-cv-00168-HDM-VPC |
| Plaintiffs, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| SECURITY CONSULTANTS GROUP, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) September 12, 2014 |
| _____ | ) |

Before the court are four motions filed by plaintiffs: motion for sanctions pursuant to Rule 11 against defendants United Government Security Officers of America, International Union, and United Government Security Officers of America, Local 283 ("union defendants) and their counsel (#92),[1] motion for sanctions pursuant to Rule 11 against defendants Security Consultants Group, Inc., Paragon Systems, Inc. and Securitas Security Services USA, Inc. ("corporate defendants") and their counsel (#93), motion for sanctions pursuant to 28 U.S.C. § 1927 against union defendants and their counsel (#96), and motion for sanctions pursuant to 28 U.S.C. § 1927 against corporate defendants and their counsel (#95). For the reasons discussed below, plaintiffs' motions are denied.

I.   **FACTUAL & PROCEDURAL BACKGROUND**

On April 3, 2013, plaintiffs Isaac Avendano and Rolando Duenas ("plaintiffs") filed a complaint against union and corporate defendants (#1). In their amended complaint, filed on February 14, 2014, plaintiffs allege that defendants have engaged in retaliation, harassment, and discrimination, and created a hostile work environment due to plaintiffs' race and national origin in

---

[1] Refers to the court's docket number.

-1-

violation of Title VII of the Civil Rights Act of 1964 (#58, p. 2). They also allege breach of contract under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, as well as 42 U.S.C. § 1981 and Nevada state-law claims. *Id*.

As to the union defendants only, plaintiffs allege that they breached their duty of fair representation of plaintiffs, who were union members, pursuant to NLRA § 301. *Id*. at 53-57. Plaintiffs allege that they held positions as federal court security for the corporate defendants. *Id*. Following a disciplinary incident, the corporate defendants suspended them without pay; they grieved the employers' actions, and the union defendants represented them in an arbitration with the corporate defendants. *Id*. In a July 24, 2012 arbitration award, the arbitrator ordered plaintiffs be reinstated to their previous posts and receive back pay. *Id*. The union defendants breached their duty to fairly represent plaintiffs when they failed to pursue the enforcement of the arbitration award. *Id*. The union defendants delayed the recovery of plaintiffs' back pay and failed to seek recovery of the full amount of back pay, lost overtime, compensatory time and all other related compensation to which plaintiffs were entitled. *Id*. The union defendants failed to challenge the employers' position that any post assignment, regardless of the location, duties, shift, schedule and seniority, was acceptable and in compliance with the award. *Id*. Plaintiffs seek compensatory and punitive damages. *Id*. at 59-60.

On January 17, 2014, the union defendants filed a motion to disqualify John A. Tucker Co., LPA ("Tucker"), plaintiffs' counsel (#47). They stated that Tucker represented the union defendants in 2011 and 2012 in the arbitration of the grievances the union defendants filed on behalf of plaintiffs. *Id*. at 3. Therefore, they argued that the Nevada Rules of Professional Conduct prohibited Tucker from now representing plaintiffs against the union defendants. *Id*. On January 24, 2014, corporate defendants filed a joinder to the motion (#50).

On June 2, 2014, the court denied the motion to disqualify Tucker (#89). The court found that union defendants had provided only vague, conclusory affidavits in support of their motion, and therefore, the court concluded that union defendants had failed to meet their burden of demonstrating that the two matters are substantially related. *Id.* at 15.

On June 11, 2014, plaintiffs filed two motions for sanctions pursuant to Rule 11 -- one against union defendants (#92)[2] and one against corporate defendants (#93).[3] On June 12, 2014, plaintiffs filed two motions for sanctions pursuant to 28 U.S.C. § 1927 – one against union defendants (#94)[4] and one against corporate defendants (#95).[5] Plaintiffs mainly argue that union defendants filed a baseless motion to disqualify plaintiffs' counsel for an improper purpose and that corporate defendants lacked even a potential conflict, and their joinder contained merely conclusory allegations and assertions of an ethical breach that so infected the entire litigation as to warrant disqualification of plaintiffs' counsel.

## II.    LEGAL STANDARDS

### A.    Rule 11

Federal Rule of Civil Procedure 11 provides that by filing a written motion with the court, the filing attorney certifies that, to the best of the attorney's knowledge and belief, after reasonable inquiry, the filing:

> Is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; . . . [and] that the factual contentions have evidentiary support.

Fed. R. Civ. P. 11(b). Plaintiffs provided notice to defendants of their intention to request Rule 11 sanctions, in compliance with the rule's safe harbor provision. Fed. R. Civ. P. 11(c)(2).

---

[2] Union defendants opposed (#96), and plaintiffs replied (#102).
[3] Corporate defendants opposed (#98), and plaintiffs replied (#101).
[4] Union defendants opposed (#97), and plaintiffs replied (#103).
[5] Corporate defendants opposed (#99), and plaintiffs replied (#100).

A court considering a motion pursuant to Rule 11 must do two things: (1) decide whether a Rule 11 violation has occurred, and (2) decide whether to impose sanctions. *Smith & Green Corp. v. Trustees of Const. Industry & Laborers Health & Welfare Trust*, 244 F.Supp.2d 1098, 1103 (D. Nev. 2003); *McMahon v. Best*, 2000 WL 1071828, *7 (N.D.Cal.2000). If the court determines that Rule 11(b) has been violated, it may impose appropriate sanctions upon the attorneys, law firms, or parties that are responsible for the violation. *Smith & Green Corp.*, 244 F.Supp.2d at 1103. The main objective of Rule 11 is to deter baseless filings and curb litigation abuses. *Id*.; *Salman v. State of Nevada Comm. On Judicial Discipline,* 104 F.Supp.2d 1262 (D.Nev.2000). Pursuant to Rule 11, sanctions must be imposed upon litigants and counsel who file baseless papers without first conducting a reasonable and competent inquiry. *Smith & Green Corp.*, 244 F.Supp.2d at 1103; *Schutts v. Bentley Nevada Corp.*, 966 F.Supp. 1549 (D.Nev.1997). The test for determining whether a Rule 11 violation has occurred is one of objective reasonableness. *Smith & Green Corp.*, 244 F.Supp.2d at 1103; *Operating Engineers Pension Trust v. G.C. Wallace, Inc.*, 159 F.R.D. 536 (D.Nev.1994).

Further, Rule 11 addresses two separate problems: "first, the problem of frivolous filings; and second, the problem of misusing judicial procedures as a weapon for personal or economic harassment." *Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1475 (9th Cir. 1988) quoting *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986). The Ninth Circuit concluded that while the plain language of Rule 11 may suggest otherwise, the frivolous filings clause and the improper purposes clause are not totally independent. *Id*. at 1476. However, "there comes a point when successive motions and papers become so harassing and vexatious that they justify sanctions even if they are not totally frivolous . . . . If a court finds that a motion or paper, other than a complaint, is filed in the context of a persistent pattern of clearly abusive litigation

-4-

activity, it will be deemed to have been filed for an improper purpose and sanctionable. *Id*. Magistrate judges have jurisdiction to order non-dispositive Rule 11 sanctions. *Maisonville v. F2 America, Inc*. 902 F.2d 746, 748 (9th Cir.1990).

### B.     28 U.S.C. § 1927

The court may award attorney's fees and costs pursuant to 28 U.S.C. § 1927, which provides, "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." Sanctions are proper under Section 1927 where "an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co., Sec. Litig*., 78 F.3d 431, 436 (9th Cir.1996) (internal quotations omitted); *Wild Game Ng v. Wong's Intern. (USA) Corp*., 2007 WL 2406811, *1 (D.Nev.2007). "[R]ecklessness suffices for § 1927 . . . ." *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir.2001).

A motion to disqualify counsel must be based on a reasonable inquiry into relevant facts, and sanctions may be imposed where counsel fails to fails to make such inquiry and interposes the motion for an improper purpose. *Wild Game Ng*, 2007 WL 2406811, *1. "Vexatious conduct involves either subjective or objective bad faith." *Id*. (internal quotations and citations omitted).

### III.    DISCUSSION & ANALYSIS

### A.     Whether Legal Contentions Lacked Evidentiary Support

Plaintiffs argue that insufficient evidence supported union defendants' motion to disqualify counsel (#92, pp. 6-7). Rule 11 mandates that "legal contentions [must] have evidentiary support." As will be discussed below, the Disciplinary Counsel of the Ohio Supreme Court had previously dismissed a complaint filed by union defendants' counsel Robert B. Kapitan regarding plaintiffs'

representation by their current counsel John A. Tucker and Rachel R. Baldridge (#92, pp. 2-3; Ex. 1). The Ohio Rules of Professional Conduct contain the identical Rule 1.9 as Nevada, which prohibits a lawyer who has formerly represented a client from representing another person in a substantially related matter in which that person's interests are materially adverse to those of the former client without the informed, written consent of the former client. However, union defendants are correct (and plaintiffs concede) that the Ohio determination is not binding on this court (#96, pp. 2-3).[6] While this court concluded that the union defendants failed to meet their burden of demonstrating that disqualification was warranted, this court did not find that their motion lacked any evidentiary support whatsoever. The court, therefore, rejects plaintiffs' argument that union defendants' motion lacked evidentiary support so as to warrant Rule 11 sanctions. However, the court also cautions that union defendants' statement in their opposition that "this [c]ourt admitted [the facts in this matter] left 'little room for a conclusion other than that the two matters are substantially related'" closely walks the line of misrepresenting this court's statement in its order denying the motion for disqualification.[7]

**B.    Whether Union Defendants Filed Motion for Improper Purpose**[8]

Plaintiffs also argue that union defendants filed their motion merely to harass plaintiffs and delay this case (#92, p. 8). Plaintiffs state that the parties attended an Early Neutral Evaluation ("ENE") before Magistrate Judge Cobb on October 24, 2013. The parties determined at that time

---

[6] The court notes that while Ohio and Nevada's Rule 1.9 are identical, union defendants state, with no elaboration, that the "fact" is that Ohio and Nevada have very different standards for evaluating whether a violation of their respective Rules of Professional Conduct occurred (#96, p. 3).

[7] The court's order stated: "At first blush, the union defendants' statement that the Tucker firm represented them in plaintiffs' arbitration and now represents plaintiffs *against* the union defendants in matters relating to that very arbitration appears to leave little room for a conclusion other than that the two matters are substantially related (#89, p. 11).

[8] The court discusses plaintiffs interrelated arguments for sanctions pursuant to both Rule 11 and § 1927, citing to each motion as appropriate.

that conducting limited, targeted discovery before a second ENE might speed the resolution of the case (#41, Ex. 1, Affidavit of John A. Tucker).  Magistrate Judge Cobb specifically asked the parties if they contemplated filing any motions.  *Id*.  Kapitan represented that he planned to file a motion to dismiss the case as time-barred.  *Id*.  No mention was made of any motion to disqualify plaintiffs' counsel.  *Id*.  Magistrate Judge Cobb suggested depositions be conducted telephonically, and no party objected.  *Id*.

On October 30, 2013, Ohio Supreme Court Assistant Disciplinary Counsel Stacy Solochek Beckman sent a letter to Kapitan in response to his complaint against Tucker (#92, Ex. 1).  Beckman stated that there was no question that since the relationship between the Tucker firm and union defendants ended, the Tucker firm has represented clients whose interests are directly adverse to the union defendants, including plaintiffs and a competing union.  *Id*.  However, the disciplinary counsel concluded that none of these subsequent matters appears to be substantially related to any of the matters the Tucker firm pursued on behalf of the union defendants.  *Id*.  Beckman added that "there is no evidence suggesting that Ms. Baldridge or Mr. Tucker used any client confidences gained during their representation of UGSOA in an improper manner . . . . It would be improper to automatically preclude Ms. Baldridge or Mr. Tucker from representing clients in other union or labor matters merely because they once represented UGSOA."  *Id*.  Beckman concluded the letter with: "Accordingly, because our investigation did not reveal substantial, credible evidence of misconduct by either attorney, we are dismissing your complaint and closing our file on this matter is closed [sic]."  *Id*.

Subsequently, pursuant to the discussions at the ENE, all parties assisted in planning and drafting a joint Proposed Discovery Plan and Scheduling Order, which was filed on November 8, 2013 (#41, Ex. 1).  The parties agreed to schedule limited depositions of key witnesses and to

propound limited discovery requests. *Id*. All counsel appeared at the November 14, 2013 case management conference, during which this court adopted the scheduling order (*see* #38). Plaintiffs subsequently attempted to coordinate the setting of depositions with union defendants (#41, Ex. 1; #92, Ex. 7). After getting no response, plaintiffs noticed three telephonic depositions for early January and served limited discovery requests (#41, Ex. 1; #92, Ex. 8).

In the meantime, in an unrelated matter, on November 29, 2013, Tucker filed a petition on behalf of another union—one in competition with UGSOA—in Houston, Texas (#92, Ex. 3; #94, Ex. 3). In this case, despite the fact that the parties had previously represented to the court that they would exchange Rule 26 disclosures the week of November 10, 2013, union defendants failed to do so and failed to respond to discovery requests (#41, Ex. 1). Kapitan has stated in an affidavit that he learned of the Houston petition about December 6, 2013 and that at about that same time union defendants decided to file the motion to disqualify Tucker from this case (#92, Ex. 3). In a January 3, 2014 email, Kapitan, for the first time, advised plaintiffs that his clients would not participate in any discovery until the resolution of a contemplated, but not-yet-filed, motion to disqualify plaintiff's counsel (#41, Ex. 1; #92, Ex. 11). Kapitan also stated for the first time that his clients would not agree to telephonic depositions. *Id*.

Plaintiffs filed an emergency motion, and this court held a telephonic hearing on January 10, 2014 (#s 46, 48). At the hearing, in response to Tucker's statements describing union defendants' failure to respond to discovery requests and deposition notices, Kapitan stated that, due to the confidential nature of the complaint before the Ohio Supreme Court Disciplinary Commission, he had previously been unable to disclose the existence of that complaint to this court.

> Because of the nature of the complaint, it's confidential, and we could not discuss the fact that it existed or, for the most part, a lot of the information that was contained in the complaint. And pending a decision on that, we received something in the beginning of November from the Supreme Court saying they weren't proceeding to a

-8-

> complaint. And then in further discussions, they did agree to take further evidence regarding this litigation. So, the case, actually, is still pending.

(#48, January 10, 2014 Hearing Transcript, p. 5). Kapitan said that now that Tucker filed an affidavit that revealed the disciplinary complaint, he believed any confidentiality had been waived. *Id*. He continued:

> But after that, after those events in early November, and then after the union defendants received the discovery requests from the plaintiffs, it was decided that we could not wait anymore for the Ohio Supreme Court to review this. We would have to actually seek this court's review of [Tucker's] disqualification in this case.

*Id*.

Tucker stated later in the hearing that the matter before the Ohio Supreme Court was closed. *Id*. at 12. As to the timing of the motion to disqualify, Kapitan then told the court:

> And we believe that the confidential procedure before the Ohio Supreme Court may resolve the issue. It did not prior to discovery initiating, so that is when we made the decision to bring it up with this court.

*Id*. at 13. Almost immediately after, the court observed: "I don't know the circumstances of whatever is pending before the Ohio State Bar." *Id*. Kapitan was silent; he did not clarify to the court that the Ohio Supreme Court Disciplinary Commission had closed its file on the matter.

Plaintiffs acknowledge that the Ohio Supreme Court findings are not binding on this court (#92, p. 6, n.3). Yet, they argue that the summary dismissal of the complaint should have served as notice to union defendants that no basis existed to find that the two representations are substantially related. *Id*. at 6. Moreover, they argue that Kapitan misrepresented the status of the Ohio proceedings to this court as part of his attempt to show that the motion to disqualify was not being filed merely to harass or cause delay. *Id*. at 8-9. They further contend that the union defendants filed the motion to disqualify to cause delay and have thus been able to avoid targeted discovery for more than six months and delay the second ENE by more than three months. *Id*. at 9.

-9-

Union defendants argue that they had no plan to file a motion to disqualify Tucker at the time they participated in the ENE—which took place prior to the dismissal of the Ohio disciplinary complaint—and, therefore, no reason to object to limited discovery at that time (#97, p. 4, 16). They did not decide to file the motion until after they received plaintiffs' discovery requests on November 27, 2013 (#96, p. 6). They assert that some of the documents and information requested by plaintiffs related to Tucker and Baldridge's representation of union defendants and would, in fact, have to come from Tucker and Baldridge and that this triggered their decision to file the motion to disqualify (*id*.; #43, p. 4; #43, Ex. 1). They have previously stated that the motion was not filed until January 17, 2014 "[d]ue to the holiday and illness" (#43, Affidavit of Robert B. Kapitan, Ex. 1 ¶ 13).

Union defendants also state that, with respect to the requested depositions, plaintiffs had failed to comply with the requirement in Fed. R. Civ. P. 30 to obtain a stipulation or court order allowing telephonic depositions (#97, p. 10). They also contend that they have never stated that they would not comply with discovery requests or the Scheduling Order, pending disposition of the motion to disqualify (#97, p. 16).

Further, union defendants assert that Kapitan stated at the January 10, 2014 hearing that the Ohio Supreme Court matter had been concluded and that he did not misrepresent the status of that case (#97, pp. 3-4). Kapitan contends that his statement -- "[a]nd we believe that the confidential procedure before the Ohio Supreme Court may resolve the issue. It did not prior to discovery initiating, so that is when we made the decision to bring it up with this court" -- reflected the fact that union defendants appeared at the ENE and agreed to limited discovery *before* they received the letter from the Ohio Supreme Court. *Id.* He also maintains that his statement that the Ohio Supreme Court agreed to take further evidence and that the "case, actually, is still pending" did not misrepresent the status of the closed matter (#97, p. 5, 11-12).

-10-

Union defendants provide no support in their opposition for their argument that the discovery requests plaintiffs propounded revealed a conflict because some of the documents requested would have to come from Tucker, except to citing to an affidavit by Kapitan that merely makes that conclusory assertion (#97, p. 3; citing to #43, Ex. A). The court located the interrogatories at issue, which union defendants had attached to their motion to disqualify (#47, Ex. D). With the exception of requested information related to government contractors that had bargaining relationships with union defendants from January 1, 2008 through the present (#47, Ex. D, interrogatory #5), the court finds union defendants' argument specious. The remaining complained-of interrogatories request information related to events that occurred after Tucker ceased his representation of union defendants (#43, Ex. D).[9]

With respect to the Ohio disciplinary complaint, union defendants state, with no support whatsoever, that it "still remains the case that the Ohio Supreme Court is willing to re-open the complaint, if additional information is provided regarding the conflict of interest" (#97, p. 4). At the very minimum, a discrepancy exists between Kapitan's statements, such as "in further discussions, [the Ohio Supreme Court] did agree to take further evidence regarding this litigation. So, the case, actually, is still pending;" and "after the union defendants received the discovery requests from the plaintiffs, it was decided that we could not wait anymore for the Ohio Supreme Court to review this" and the fact that the Ohio Supreme Court had already closed its file on the matter. Also of concern is the fact that Kapitan remained silent when the court referred to "whatever is pending before the Ohio State Bar," and offered no clarification or correction. These issues shall be taken up by the court in a separate order to show cause.

---

[9] The majority of the interrogatories served related to how the determination was made regarding "comparable posts" after the arbitrator ordered plaintiffs to be reinstated (#43, Ex. D, interrogatory #'s 1, 6), backpay calculations (*id*., #'s 2, 6), representations that a federal branch or agency prevented plaintiffs from returning to posts in Reno (*id*., #'s 3,4, 6), and the reinstatement process as a whole (*id*., #7).

-11-

However, in the motion to disqualify itself, union defendants make no reference whatsoever to the Ohio disciplinary complaint or its status. They argue that Tucker should be subject to disqualification because the prior and present matters are substantially related. As discussed above, while this court ultimately disagreed, it did not find that their motion lacked any evidentiary support. While plaintiffs assert that union defendants' explanation of the timing of the motion and their view that discovery requests revealed a conflict should be viewed as an attempt to conceal their true motive to harass and cause delay, they could also be indicative of aggressive, but not improper, representation by counsel for union defendants. The court determines that the motion to disqualify, standing alone, is not vexatious. The court has thoroughly reviewed the record and considered the arguments of all parties and concludes that plaintiffs' motions for sanctions pursuant to Rule 11 and § 1927 against union defendants should be denied.

### C.     Plaintiffs' Motions for Sanctions Against Corporate Defendants

In plaintiffs' motions for sanctions pursuant to Rule 11 (#93) and § 1927 (#95) against corporate defendants they argue that corporate defendants lacked even a potential conflict and their joinder contained merely conclusory allegations and assertions of an ethical breach that so infected the entire litigation as to warrant disqualification of plaintiffs' counsel (#93, p. 4).

Corporate defendants argue that they brought their joinder to union defendants' motion to disqualify on the basis that the motion demonstrated that the conflict would infect the entire litigation (#98, p. 4). They contend that they "appropriately analyzed their position and acted to protect it." *Id*. They assert that they filed their joinder based on their belief that an ethical violation might have occurred that affected their case and might keep them from obtaining evidence they needed to defend this case. *Id*. at 6.

Corporate defendants were adverse to union defendants in the prior matter, which makes it unlikely that Tucker learned anything during the arbitration proceedings that would prejudice corporate defendants in the current matter. However, the court has concluded that, while union defendants did not prevail, the record does not demonstrate that the motion to disqualify was necessarily brought for an improper purpose. Thus, corporate defendants' joinder to the motion, based on their determination that the conflict would infect the entire litigation, cannot be said to be improper. The court finally notes that the joinder, to which plaintiffs filed a seven-page opposition, did not unreasonably and vexatiously multiply proceedings. Accordingly, the court denies plaintiff's two motions for sanctions against the corporate defendants.

## IV. Revised Proposed Scheduling Order

This court had stayed discovery pending the disposition of the motion to disqualify (#46). Within ten days of the date of this order, the parties shall file a revised Rule 26(f) joint report and proposed scheduling order.

## V. Conclusion

**IT IS THEREFORE ORDERED** that the following motions filed by plaintiffs: motion for sanctions pursuant to FRCP 11 against union defendants and their counsel (#92); motion for sanctions pursuant to FRCP 11 against corporate defendants and their counsel (#93); motion for sanctions pursuant to 28 U.S.C. § 1927 against union defendants and their counsel (#94); and motion for sanctions pursuant to 28 U.S.C. § 1927 against corporate defendants and their counsel (#95) are **DENIED**.

**IT IS FURTHER ORDERED** that within **ten (10) days** of the date of this order, the parties shall file a revised Rule 26(f) joint report and proposed scheduling order.

**DATED**: September 12, 2014.

_____
**UNITED STATES MAGISTRATE JUDGE**