# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ISAAC AVENDANO, *et al*., | ) |
|               Plaintiffs, | ) 3:13-cv-00168-HDM-VPC |
| v. | ) **ORDER TO SHOW CAUSE** |
| SECURITY CONSULTANTS GROUP, *et al*., | ) |
|               Defendants. | ) September 12, 2014 |

### I. FACTUAL & PROCEDURAL BACKGROUND

On April 3, 2013, plaintiffs Isaac Avendano and Rolando Duenas ("plaintiffs") filed a complaint against union and corporate defendants (#1). In their February 14, 2014 amended complaint plaintiffs allege that defendants have engaged in retaliation, harassment, and discrimination, and created a hostile work environment due to plaintiffs' race and national origin in violation of Title VII of the Civil Rights Act of 1964 (#58, p. 2). They also allege breach of contract under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, as well as 42 U.S.C. § 1981 and Nevada state-law claims. *Id*.

As to the union defendants only, plaintiffs allege that they breached their duty of fair representation of plaintiffs, who were union members, pursuant to NLRA § 301. *Id*. at 53-57. Plaintiffs allege that they held positions as federal court security for the corporate defendants. *Id*. Following a disciplinary incident, the corporate defendants suspended them without pay; they grieved the employers' actions, and the union defendants represented them in an arbitration with the corporate defendants. *Id*. In a July 24, 2012 arbitration award, the arbitrator ordered plaintiffs be

reinstated to their previous posts and receive back pay. *Id*. The union defendants breached their duty to fairly represent plaintiffs when they failed to pursue the enforcement of the arbitration award. *Id*. The union defendants delayed the recovery of plaintiffs' back pay and failed to seek recovery of the full amount of back pay, lost overtime, compensatory time and all other related compensation to which plaintiffs were entitled. *Id*. The union defendants failed to challenge the employers' position that any post assignment, regardless of the location, duties, shift, schedule and seniority, was acceptable and in compliance with the award. *Id*. Plaintiffs seek compensatory and punitive damages. *Id*. at 59-60.

Plaintiffs' current counsel John A. Tucker and Rachel R. Baldridge previously represented union defendants, including preparing for and participating in the arbitration of plaintiffs' grievances regarding whether they were terminated for just cause in December 2010 on behalf of the union defendants (#75, p. 2). The arbitration took place on January 27-28, 2012 and April 13-15, 2012. *Id*. Apparently at the union defendants' direction, the Tucker firm's involvement in the arbitration ceased on May 11, 2012, and union defendants—through other counsel—finalized and filed their post-hearing brief in June 2012. *Id*. at 9.

On October 30, 2013, Ohio Supreme Court Assistant Disciplinary Counsel Stacy Solochek Beckman sent a letter to counsel for union defendants Robert B. Kapitan regarding a complaint he filed with the Disciplinary Counsel of the Ohio Supreme Court that apparently alleged that plaintiffs' representation by Tucker and Baldridge was a conflict of interest that violated the Ohio Rules of Professional Conduct (#92, Ex. 1). The Ohio Rules of Professional Conduct contain the identical Rule 1.9 as Nevada, which prohibits a lawyer who has formerly represented a client from representing another person in a substantially related matter in which that person's interests are materially adverse to those of the former client without the informed, written consent of the former

client. *Id*. In her letter, Beckman stated that there was no question that since the relationship between the Tucker firm and union defendants ended, the Tucker firm has represented clients whose interests are directly adverse to the union defendants, including plaintiffs and a competing union. *Id*. However, the disciplinary counsel concluded that none of these subsequent matters appears to be substantially related to any of the matters the Tucker firm pursued on behalf of the union defendants. *Id*. Beckman added that "there is no evidence suggesting that Ms. Baldridge or Mr. Tucker used any client confidences gained during their representation of UGSOA in an improper manner . . . . It would be improper to automatically preclude Ms. Baldridge or Mr. Tucker from representing clients in other union or labor matters merely because they once represented UGSOA." *Id*. Beckman concluded the letter with: "Accordingly, because our investigation did not reveal substantial, credible evidence of misconduct by either attorney, we are dismissing your complaint and closing our file on this matter is closed [sic]." *Id*.

**II.    JANUARY 10, 2014 HEARING AND SUBSEQUENT STATEMENTS BY UNION DEFENDANTS' COUNSEL**

Plaintiffs filed an emergency motion, and this court held a telephonic hearing on January 10, 2014 (#s 46, 48). At the hearing, in response to Tucker's statements describing union defendants' failure to respond to discovery requests and deposition notices, Kapitan made the following statements, which are quoted from the transcript as indicated:

1. Because of the nature of the complaint [before the Ohio Supreme Court Disciplinary Counsel], it's confidential, and we could not discuss the fact that it existed or, for the most part, a lot of the information that was contained in the complaint. And pending a decision on that, we received something in the beginning of November from the Supreme Court saying they weren't proceeding to a complaint. And then in further discussions, they did agree to take further evidence regarding this litigation. So, the case, actually, is still pending (#48, January 10, 2014 Hearing Transcript, p. 5).

2. Kapitan said that now that Tucker filed an affidavit that revealed the disciplinary complaint, he believed any confidentiality had been waived. *Id*. He continued:

> But after that, after those events in early November, and then after the union defendants received the discovery requests from the plaintiffs, it was decided that we could not wait anymore for the Ohio Supreme Court to review this. We would have to actually seek this court's review of [Tucker's] disqualification in this case.

*Id*.

Tucker stated later in the hearing that the matter before the Ohio Supreme Court was closed. *Id*. at 12.

3. As to the timing of the motion to disqualify, Kapitan then told the court:

> And we believe that the confidential procedure before the Ohio Supreme Court may resolve the issue. It did not prior to discovery initiating, so that is when we made the decision to bring it up with this court.

*Id*. at 13.

4. Almost immediately after, the court observed: "I don't know the circumstances of whatever is pending before the Ohio State Bar." *Id*. Kapitan was silent; he did not clarify to the court that the Ohio Supreme Court Disciplinary Commission had closed its file on the matter.

5. In union defendants' opposition to a motion for sanctions filed by plaintiffs, Kapitan wrote that he stated at the January 10, 2014 hearing that the Ohio Supreme Court matter had been concluded and that he did not misrepresent the status of that case (#97, pp. 3-4, 9). Kapitan contended that his statement "[a]nd we believe that the confidential procedure before the Ohio Supreme Court may resolve the issue. It did not prior to discovery initiating, so that is when we made the decision to bring it up with this court" reflected the fact that union defendants appeared at the ENE and agreed to limited discovery *before* they received the letter from the Ohio Supreme Court. *Id*.

6. In the same opposition, Kapitan also maintained that his statement that the Ohio Supreme Court agreed to take further evidence and that the "case, actually, is still pending" did not misrepresent the status of the closed matter (#97, p. 5, 11-12).

7. In the same opposition, Kapitan stated, with no support whatsoever, that it "still remains the case that the Ohio Supreme Court is willing to re-open the complaint, if additional information is provided regarding the conflict of interest" (#97, p. 4; *see also* pp. 10, 11-12).

### III. CONCLUSION

Based upon the foregoing and for good cause appearing,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Within **twenty-one (21) days** of the date of this order, counsel for union defendants Robert B. Kapitan **SHALL FILE** a brief to show cause why he and/or union defendants should not be sanctioned pursuant to this court's inherent power for knowingly making repeated misrepresentations to this court.

2. Plaintiffs shall file their response, if any, within fourteen (14) days of the date of service of union defendants' brief.

3. All factual assertions in either brief shall be supported by affidavit or other authenticated exhibits.

**DATED**: September 12, 2014.

_____
**UNITED STATES MAGISTRATE JUDGE**