**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ISAAC AVENDANO and ROLAND DUENAS, ) | 3:13-cv-00168-HDM-VPC |
| Plaintiffs, ) ) ORDER | |
| vs. ) | |
| SECURITY CONSULTANTS GROUP, INC., ) et al., ) | |
| Defendants. ) | |

Before the court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (#62), filed by defendants Security Consultants Group, Inc. ("SCG"), Paragon Systems, Inc. ("Paragon"), and Securitas Security Services USA, Inc. ("Securitas"). The plaintiffs have opposed (#68), and the defendants have replied (#71).

The plaintiffs, who were employees of SCG (Compl. ¶¶ 12-13), assert in their complaint eleven different claims for relief against defendants SCG, Paragon, and Securitas. These include multiple Title VII claims, a claim under § 1981, claims under NRS §§ 613.330 and 613.340, a breach of contract claim under

1

NLRA § 301, and a claim of "tortious interference with prospective business relationship / economic advantage." (*See* Compl. ¶¶ 112-197, 204-212.) Plaintiffs also assert one claim for relief under NLRA § 301 against defendants United Government Security Officers of America, International Union ("UGSOA International") and United Government Security Officers of America, Local 283 ("UGSOA Local 238"). (See Compl. ¶¶ 198-203.) Defendants UGSOA International and UGSOA Local 238 are not parties to the motion (#62) presently before the court.

**Standard**

In considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). The allegations of the complaint also must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

"Under the notice pleading standard of the Federal Rules, plaintiffs are only required to give a 'short and plain statement' of their claims in the complaint." *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009) (quoting *Diaz v. Int'l Longshore & Warehouse Union, Local 13,* 474 F.3d 1202, 1205 (9th Cir. 2007)). While this rule "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading is insufficient if it offers only labels and conclusions, a formulaic recitation of the elements of a cause of

2

action, or "naked assertions devoid of further factual enhancement." *Id.* (internal punctuation omitted).  Thus, a complaint "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id.*  The plausibility standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**Procedural History**

Defendants SCG, Paragon, and Securitas previously filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) (#17). The court denied the motion to dismiss without prejudice and granted the motion for a more definite statement, ordering plaintiffs to file an amended complaint "that clearly identifies the alleged conduct engaged in by defendants Paragon and Securitas that forms the basis for their liability under the plaintiffs' claims." (#51 at 6.)

Plaintiffs filed their first amended complaint on February 14, 2014 (#58).  Defendants SCG, Paragon, and Securitas subsequently filed their renewed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) as to Defendant Securitas only.

**Analysis**

Defendants SCG, Paragon, and Securitas jointly move to dismiss all claims against Securitas.  The defendants state that at the time of the plaintiffs' alleged injuries, the plaintiffs were employed by SCG, not by Securitas.  (#62 at 3.)  Additionally, defendants assert plaintiffs "have failed to make any legally-significant allegations against Securitas USA to differentiate them

3

from Plaintiffs' employer SCG." *Id.*

Plaintiffs aver they "are not and have never claimed any theory of liability based on a parent/subsidiary or piercing the corporate veil or even . . . an indirect employer theory." (#68 at 2-3). Plaintiffs instead assert SCG, Paragon, and Securitas "have acted with such interrelation of operations that they are, for the purpose of liability to their employees . . . operating as one and the same consolidated entity since April 2011. Plaintiff's [sic] Amended Complaint clearly alleges that the Company Defendants are 'Joint Employers.'" (*Id.* at 3).

Plaintiffs attempt to apply an integrated enterprise test to demonstrate defendants are joint employers. This test "does not determine joint *liability* as the parties suggest, but instead determines whether a defendant *can meet the statutory criteria* of an 'employer' for Title VII applicability." *Anderson v. Pacific Maritime Association*, 336 F.3d 924, 928 (9th Cir. 2003).

The correct standard is the joint employment standard, which is made up of various factors, such as:

> (A) The nature and degree of control of the workers;
> (B) The degree of supervision, direct or indirect, of the work; (C) The power to determine the pay rates or the methods of payment of the workers; (D) The right, directly or indirectly to hire, fire, or modify the employment conditions of the workers; [and]
> (E) Preparation of payroll and payment of wages.

*E.E.O.C. v. Pacific Maritime Ass'n*, 351 F.3d 1270, 1275 (9th Cir. 2003) (alteration in original). An alternative phrasing of the standard explains the employer is "the person, or group of persons, who owns and manages the enterprise. The employer can hire and fire employees, can assign tasks to employees and supervise their performance, and can decide how the profits and

4

losses of the business are to be distributed." *Clackamas Gastroenterology Assocs. V. Wells*, 538 U.S. 440, 450, 123 S.Ct. 1673, 1680 (2003).

¶ 12 of the amended complaint reads:

> In its capacity as the Plaintiffs' employer, since on our [sic] about April, 2011, Securitas maintained employee records on the Plaintiffs, tracked their hours of work and maintained payroll records, provided them with a vacation plan, provided them with insurance benefits, maintained a Securitas employee number form [sic] them, coordinated labor relations issues and responses to unfair labor practice charges pertaining to the Plaintiffs, handled their employment claims, coordinated and prepared responses to Plaintiffs [sic] EEOC charges, maintained employment records and performed other employment related functions.

Amended Compl. ¶ 12. Additionally, plaintiffs allege inter-relation of operations including common financial control. *See* Amended Compl. ¶ 17.

The court must accept the plaintiffs' material allegations as true *(LSO*, 205 F.3d at 1150 n.2) and construe them in the light most favorable to the plaintiffs (*Shwarz v. United States*, 234 F.3d at 435). At this stage, the averments in the amended complaint are sufficient to allow defendant Securitas to prepare a response. Plaintiffs aver common financial control, that defendant Securitas coordinated the preparation of a response to plaintiffs' EEOC charges, and that defendant Securitas controlled Plaintiffs' benefits. Under the joint employment standard enumerated in *E.E.O.C. v. Pacific Maritime Ass'n*, and accepting the material allegations of the amended complaint as true, plaintiffs have stated a claim that entitles them to relief.

Defendant Securitas may renew its assertion that it is not a joint employer at the summary judgment stage or at trial, when the

court need not construe the material allegations of the amended complaint in the light most favorable to plaintiff.[1]

The motion of defendants Security Consultants Group, Inc., Paragon Systems, Inc., and Securitas Security Services USA, Inc. to dismiss defendant Securitas is **DENIED.**

**IT IS SO ORDERED.**

DATED: This 15th day of September, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The issue of joint employment is routinely deferred until the parties are able to conduct discovery. *See e.g., Courtland v. GCEP-Surprise, LLC*, 119 Fair Empl.Prac.Cas. (BNA) 806 (2013); *Garcia v. Courtesy Ford, Inc.*, 2007 WL 1192681 (2007); *Ford-Torres v. Cascade Valley Telecom, Inc.*, 374 Fed.Appx. 698 (2010).