# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ISAAC AVENDANO, *et al.*, | 3:13-cv-00168-HDM-VPC |
| Plaintiffs, | |
| v. | **ORDER** |
| SECURITY CONSULTANTS GROUP, | |
| *et al.*, | |
| Defendants. | |

Before the court is plaintiffs' motion to strike (#114) union defendants' show cause and supplemental briefs (#s 109 and 110). Union defendants filed these briefs as required by the court's order to show cause (#105). Union defendants timely opposed the motion to strike (#117), and plaintiffs replied (#119). This order follows.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

This case concerns the employment of plaintiffs Isaac Avendano and Rolando Duenas ("plaintiffs") as federal building security officers, and various federal and state law claims arising therefrom against their employer ("corporate defendants") and union ("union defendants").

On September 12, 2014, the court entered a show cause order against union defendants and their counsel, Robert B. Kapitan ("Kapitan") for a collection of misrepresentations Kapitan made at a January 10, 2014 hearing (#105) regarding the status of a complaint before the Disciplinary Counsel of the Ohio Supreme Court ("ODC") against plaintiffs' counsel, John. A Tucker Co., LPA ("Tucker"). Therein, the court excerpted Kapitan's statements, and ordered:

1. Within twenty-one days (21) of the date of this order, counsel for union defendants Robert B. Kapitan SHALL FILE a brief to show cause why he and/or union defendants should not be sanctioned pursuant to this court's inherent power for knowingly making repeated misrepresentations to this court.

2. Plaintiffs shall file their response, if any, within fourteen (14) days of the date of service of union defendants' brief.

3. All factual assertions in either brief shall be supported by affidavit or other authenticated exhibits.

(#105 at 5).  Union defendants timely filed a show cause brief on October 3, 2014 (#109) and a supplemental brief on October 16 (#110).  Plaintiffs timely responded on October 20 (#113).

Three days later, on October 23, 2014, plaintiffs moved to strike the briefs for their purported immateriality and/or non-compliance with the show cause order.  The court has yet to issue a decision on sanctions.  However, the court first considers the motion to strike as it may necessarily narrow the evidence before the court when it assesses the merit of sanctions.

## II.      LEGAL STANDARD

This court has the inherent power to strike improper papers and filings in the docket.  "The inherent powers of federal courts are those which are necessary to the exercise of all others." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980) (internal quotation and citation omitted). Rather than a specific rule or statute, inherent powers arise from the need to protect "the due and orderly administration of justice" and the need to maintain the court's authority and dignity.  *Id.* at 764-65 (internal quotations and citations omitted).   Accordingly, this court has specifically recognized that, in addition to the power to strike pleadings under Federal Rule 12(f), "a district court has the inherent power to strike a party's submissions other than pleadings." *Laghaei v. Fed. Home Loan Mortg. Corp.*, No. 3:12-cv-00307-MMD-VPC, 2012 WL 5398874, at *1 (D. Nev. Nov. 2, 2012) (citing *Metzger v. Hussman*, 682 F. Supp. 1109, 1110 (D. Nev. 1998); *Chambers v.*

*NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995)); *see also Mazzeo v. Gibbons*, No. 2:08-cv-01387-RLH-PAL, 2010 WL 3910072 (D. Nev. Sept. 30, 2010).

In *Mazzeo v. Gibbons*, a Court in this District explained several proper bases for exercising the power to strike under Rule 12. 649 F. Supp. 2d 1182 (D. Nev. 2009).

> Under Rule 12(f)[,] a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Matter is "immaterial" if it has no bearing on the controversy before the court. Allegations are "impertinent" if they are not responsive to the issues that arise in the action and that are admissible as evidence. "Scandalous" matter is that which casts a cruelly derogatory light on a party or other person.

*Id.* at 1201-02 (internal citations omitted). Although the court did not apply these particular bases under its inherent power, courts in this district have reasoned that the inherent power to strike may be exercised against motions and affidavits that fail to comply with the Federal Rules of Evidence and Civil Procedure. *USF Ins. Co. v. Smith's Food and Drug Ctr.*, No. 2:10-cv-0513-RLH-LRL, 2011 WL 1326008, at *2 (D. Nev. Apr. 6, 2011). Accordingly, even where a paper is not a "pleading" for the purposes of Rule 12(f), the court may exercise its inherent power to strike redundant, immaterial, impertinent, or scandalous filings when administration of justice so requires.

### III.    ANALYSIS

Applying these standards to the instant case, the court grants in part and denies in part plaintiffs' motion to strike.

<u>Sullivan Affidavit and Email Correspondence</u> (#s 109-1 and 109-2). The court denies the motion to strike these papers, except as to paragraph four of the affidavit and the email correspondence. The court agrees with plaintiffs that the affidavit is largely immaterial. However, it is not prejudicial and provides background that, at minimum, is mildly relevant to the events that gave rise to the court's show cause order.

Paragraph four and the email exhibit, however, relate only to union defendants' apparent reasons for terminating their prior representation by the Tucker firm.  Those reasons are entirely immaterial and impertinent to the court's show cause order.  The show cause order concerns a narrow matter: the representations made about the status of the ODC complaint in October 2013.  Accordingly, even if the contentions made in the email about the termination of the Tucker firm are true, they have no bearing on whether the January 10, 2014 representations were false.  Because the email is immaterial, the court may strike it.  *Mazzeo*, 649 F. Supp. 2d at 1201-02.  Accordingly, the court strikes the email (#109-2) and paragraph four of the affidavit (#109-1), which incorporates the email by reference.

Kapitan Affidavit and Email to the ODC (#s 109-3 and 109-4).  The court denies the motion to strike.  As with the Sullivan affidavit, the Kapitan affidavit presents background material that is only somewhat relevant.  Much of the information is altogether unresponsive to the particular issue at the heart of the order to show cause.  Nevertheless, to the extent the affidavit is irrelevant, it is not prejudicial and the court concludes the administration of justice in this case does not necessitate the striking of Kapitan's affidavit.

Supplemental Brief (#110).  The court denies the motion to strike the supplemental brief.  The brief merely explains the absence of an exhibit to the Sullivan affidavit due to the ODC's confidentiality rules.

Union defendants should take notice, however, that the contents of the grievances filed against Tucker by union defendants in 2013 have no relation to the particular issue before the court in the show cause order.  Stated differently, the *content* of union defendants' professional complaints against Tucker in June 2013 have no bearing on whether Kapitan misrepresented the *status* of the

particular ODC matter in January 2014.   Because the missing exhibit is immaterial, the court instructs union defendants not to file it, if and when the ODC permits its disclosure.

Show Cause Brief (#109).   The court denies the motion to strike as to union defendants' show cause brief.   Plaintiffs assert that the brief's introduction fails to include citations, that numerous statements are not directly supported by the affidavits or exhibits, and that some citations do not support the propositions for which they are cited (#114 at 11-12).   Although the court agrees that the brief is untidy and somewhat unfocused, it cannot conclude that Kapitan and union defendants have failed to follow the court's instructions  (*see* #105).   Introductions regularly contain few citations to the record. The court is further satisfied, in reviewing the brief, that the essence of Kapitan's explanation for the discrepancies giving rise to the show cause order are adequately supported by the affidavits.[1]

Further, to the extent that the brief contains other minor inaccuracies and "recites a lot of the same themes" plaintiffs raised regarding the affidavits and emails (#114 at 12), the court assures plaintiffs that it remains focused on the narrow issue identified in the show cause order: whether Kapitan's representations at the January 2014 hearing were false, and if so, whether they are proper bases for sanctions under the court's inherent power.   Union defendants' choice to focus on extraneous matters will neither prejudice plaintiffs nor hinder the court's ability to evaluate the evidence relevant to the court's forthcoming decision on sanctions.

## IV.    CONCLUSION

The court has fully considered the motion and all other papers, and provides the order below. However, plaintiffs' reply intimates their confusion about the effect of this order.   Plaintiffs claim

---

[1] The court expresses no opinion on whether those explanations sufficiently and persuasively demonstrate that sanctions against Kapitan and union defendants are unwarranted.  Instead, the court's analysis pertains only to the compliance of the show cause brief with the requirements the court set forth in its show cause order.

that union defendants' briefs, affidavits, and exhibits may have a "significant impact . . . on the Plaintiffs and their Counsel" should they remain in the public record (#119 at 3).  This order cannot seal the stricken items, for no proper motion to seal is before the court.  If plaintiffs or counsel believe a removal of the stricken items is appropriate, plaintiffs must file a properly-supported motion to seal, which the court will consider in due course.

For the reasons articulated herein, the court **GRANTS AND DENIES IN PART** the motion to strike (#114), as follows:

(1)      The court **STRIKES** paragraph four of the Sullivan affidavit (#109-1).

(2)      The court **STRIKES** in its entirety the Sullivan affidavit's email exhibit (#109-2).

(3)      Aside from these exceptions, the court **DENIES** the motion to strike (#114).

**IT IS SO ORDERED.**

**DATED**:  November 19, 2014.

_____
**UNITED STATES MAGISTRATE JUDGE**

-6-